Filed 3/9/15  In re Matthew C. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re MATTHEW C., a Person Coming Under the Juvenile Court Law. | B251544 |
| | (Los Angeles County Super. Ct. No. JJ19495) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>MATTHEW C.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Catherine J. Pratt, Juvenile Court Referee.  Affirmed.

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Matthew C. was declared a ward of the juvenile court after the court sustained in part a delinquency petition alleging one count of carjacking with personal use of a firearm and one count of receiving stolen property. On appeal Matthew contends that the court erroneously included one misdemeanor petition in calculating his aggregate maximum period of confinement. We affirm.

## PROCEDURAL BACKGROUND

Matthew was the subject of three wardship petitions filed on different dates over an eight-month period. In July 2012, when he was 13 years old, Matthew was found to have committed misdemeanor vandalism (Pen. Code, § 594, subd. (b)) as alleged in a petition filed on April 16, 2012 in the Riverside County Superior Court. After the case was transferred to Los Angeles County Superior Court for disposition, Matthew was placed on probation for six months without wardship (Welf. & Inst. Code § 725, subd. (a)).

A petition filed on December 11, 2012 alleged Matthew, then 14 years old, had committed misdemeanor vandalism (graffiti) and possessed an aerosol paint container with the intent to deface property (Pen. Code, § 594.1, subd. (e)(1)) in Los Angeles County. On January 14, 2013, Matthew admitted the misdemeanor vandalism count and the remaining count was dismissed. A disposition hearing was scheduled for January 23, 2013. However, a petition was filed on January 24, 2013 alleging Matthew had committed the felony offenses alleged in this case of carjacking with personal use of a firearm and receiving stolen property. Thereafter, the juvenile court ordered the Welfare and Institution section 725, subdivision (a) probation terminated and disposition of the misdemeanor vandalism cases trailed pending disposition of the felony offenses.

Following a jurisdiction hearing, the juvenile court found true the allegation Matthew had committed carjacking with personal use of a firearm; the court found not true the allegation he had received stolen property and dismissed that count. The court declared Matthew a ward of the court, ordered him suitably placed and calculated the aggregate maximum period of confinement on the three petitions as 19 years, eight

months comprised of 19 years for the current petition, and four months for each of the prior petitions.

## DISCUSSION

### 1. *Additional Background Facts*

At the outset of the disposition hearing, the juvenile court stated, "I have read and considered the disposition report. I have also reviewed the file. This is Matthew's third sustained petition. The two prior petitions were both for misdemeanor vandalism. One of those is from Riverside County, one of those is an open petition that we need to proceed to disposition at this time, as well that is a petition dated December 11th 2014 [*sic*]." After observing the carjacking offense was Matthew's first felony, he was 14 years old at the time, and had been in custody for eight months, the juvenile court indicated it was willing to consider a camp placement for Matthew. The court then stated, "I do note that the maximum confinement time on this charge is 19 years and then there is an added eight months for the two earlier petitions. So the total would be 19 years and eight months." The court made no further mention of the two misdemeanor petitions or the maximum period of confinement. There are no copies of the misdemeanor petitions in the clerk's transcript; a supplemental clerk's transcript only contains a copy of the April 16, 2012 misdemeanor vandalism petition filed in Riverside County Superior Court.

### 2. *The Juvenile Court Properly Included Both Misdemeanor Petitions in Calculating the Maximum Period of Confinement*

Matthew argues the juvenile court erroneously calculated the maximum period of confinement because the record is incomplete. He asserts that there is no copy of the December 11, 2012 misdemeanor vandalism petition in the clerk's transcript or supplemental clerk's transcript and that the juvenile court referred to this petition only in passing. Matthew also asserts he requested a copy of the missing petition from the superior court clerk and was told it could not be found in the court file. As the People

3

point out, however, the request to augment the record on appeal was for a petition filed on "January 10, 2013," a date unrelated to any petition here.

We have reviewed the superior court file in this case and have found the December 11, 2012 petition alleging misdemeanor vandalism (graffiti) and possession of an aerosol paint container with the intent to deface property, as previously described.[1] The record is complete, and supports the juvenile court's determination of the maximum period of confinement.

## DISPOSITION

The order is affirmed.

ZELON, J.

We concur:

PERLUSS, P.J.

FEUER, J.[*]

---

**1**      We augment the record on appeal, on our own motion, to include the petition dated December 11, 2012.

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4